NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARILUZ PISCO-
SHUPINGAHUA; JULIO SERMENO-
GAVANCHO; LEONARDO SERMENO-
PISCO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3743

Agency Nos.
A246-045-987
A246-045-986
A246-045-988

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2024**
Phoenix, Arizona

Before: HAWKINS, TASHIMA, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mariluz Pisco-Shupingahua ("Pisco"), a native and citizen of Peru, seeks review of the Board of Immigration Appeals' ("BIA's") dismissal of her appeal from an Immigration Judge's ("IJ's") denial of her application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). Pisco's husband, Julio Sermeno-Gavancho, and child, Leonardo Sermeno-Pisco, are derivative applicants on her asylum application. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Because the BIA conducted its own independent review of the evidence and law in this case, our review is limited to the BIA's decision. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). We review factual findings for substantial evidence and legal questions de novo. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We also review due process challenges de novo. *Zetino v. Holder*, 622 F.3d 1007, 1011–12 (9th Cir. 2010).

1. The BIA applied the proper standard of review to the IJ's decision, reviewing all questions of law de novo and the findings of fact for clear error. 8 C.F.R. § 1003.1(d)(3)(i)-(ii).

2. There was no error in finding Pisco failed to establish a nexus between any alleged harm and a protected ground. Her testimony was that the threats were motivated by a desire to collect a financial debt. This is insufficient on its own to establish the required nexus. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7

(9th Cir. 2004) (Ninth Circuit precedent precludes relief when persecution is "solely on account of an economic motive"); *see also Zetino*, 622 F.3d at 1016 ("[A noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Nor does Pisco identify any additional evidence supporting the assertion that the threats were motivated by Pisco's membership in a proposed particular social group. Thus, the lack of nexus in Pisco's case is dispositive for both her asylum and withholding claims and renders any of her remaining contentions about the sufficiency of evidence moot. *See Rodriquez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

3. Substantial evidence supports the BIA's conclusion that Pisco is not entitled to CAT protection. A noncitizen seeking protection under the CAT bears the burden of showing "that it is more likely than not that [she] will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007); *accord* 8 C.F.R. § 1208.16(c)(2)-(4). Nor do conditions in Peru make her eligible for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016). Pisco provides no evidence that she faces any future threat of torture, let alone one that is particularized or more likely than any threat to the populace of Peru

as a whole. Moreover, she testified that the Peruvian police would protect her upon her return.

4. Nor did Pisco's removal proceedings violate due process. To demonstrate a violation of due process, it must be shown that "(1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting [her] case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Zetino*, 622 F.3d at 1013 (citation omitted).

The characterization of the IJ's persecution findings as mere "speculation" is inaccurate. The IJ provided specific reasons, supported by evidence, to justify the conclusions. Moreover, the BIA upheld the denial of asylum and withholding of removal claims solely on nexus grounds, and thus did not reach a conclusion on any of the IJ's findings regarding persecution. Thus, the outcome of the proceeding would not have differed, and no prejudice occurred.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**